CARTER L. SKIPPER and BARBARA J. SKIPPER, Plaintiffs

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

Civil No. 431-1972

District Court of the Virgin Islands

Div. of St. Croix

April 17, 1974

EDWARD J. OCEAN, Christiansted, St. Croix, V.I., *for plaintiffs*

VERNE E. HODGE, Attorney General (GORDON S. GILMAN, Assistant Attorney General of counsel), St. Thomas, V.I., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

This is a petition for redetermination of an income tax deficiency assessed by the Commissioner of Finance. The original petition alleged only that a deficiency was assessed because "certain itemized deductions and a farm loss" were disallowed and that petitioner desired a hearing on these disallowances. The Government admitted all the allegations and moved to dismiss for failure to state a cause of action. This motion to dismiss was withdrawn in open Court in favor of a motion for a more definite statement. The motion was granted and petitioner filed a document entitled "More Definite Statement By Petitioners." This new statement contains a number of factual assertions apparently designed to put at issue the question whether the purchase and operation of a certain piece of property was a transaction entered into for profit, rendering losses in connection therewith deductible. Internal Revenue Code § 165(c)(2). The Government has moved again to dismiss for failure to state a cause of action.

The questions presented are quite simple. What standard should be applied in ruling on petitions for redetermination of income tax deficiencies and has that standard been satisfied in this case.

Section 943(a) of Title 33 of the Virgin Islands Code provides that a "taxpayer may file a petition with the district court for a redetermination of [a] deficiency." Section 944 states that the district court shall have jurisdiction to

redetermine the correct amount of the deficiency. Neither section clearly states the specificity which is required in a petition for redetermination. In this regard, it is interesting to note that equally broad language is utilized in sections 6213 and 6214 of the Internal Revenue Code, pursuant to which petitions for redetermination may be filed with the Tax Court. But the question of the necessary specificity of petitions directed to the Tax Court is conclusively answered in that Court's own rules. The petition must state "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner" followed by "clear and concise . . . statements of the facts upon which the petitioner relies." Tax Court Rule 7(c)(4)(B), J. Rabkin and M. Johnson, Federal Income, Gift and Estate Taxation § 72.01.

Although petitioners' two attempts to state their disagreement with the Commissioner's deficiency assessment have probably failed to meet the rigorous standards enforced by the Tax Court, a less stringent rule must be applied in this case. Title 5, App. V, Rule 14 provides that proceedings before this Court which are authorized by Section 944 of Title 33 "shall be in the form of a civil action and shall be conducted in accordance with the Federal Rules of Civil Procedure." Under Rule 8(a)(2) of the Federal Rules, it is necessary for a party seeking relief to file "a short and plain statement of the claim showing that the pleader is entitled to relief."

It is difficult to see how, after two attempts, petitioners could fail to set forth a short and plain statement of their claim, yet they have come close to achieving this. Still, it is possible that the proper procedure under 33 V.I.C. § 943 was unknown to petitioners' attorney and it would be unfair to penalize them for the deficiencies of their petitions. Thus, the petition will go forward as if it had alleged that the Commissioner improperly disallowed certain losses on

the basis of the erroneous conclusion that the transaction in question was not entered into for profit. However, attorneys are now on notice that petitions for redetermination must satisfy the pleading requirements of Rule 8(a)(2). There is no right to have this Court redetermine deficiencies "in general" or merely on the hope that something favorable to the taxpayer will turn up. Some error by the Commissioner must be identified so that the proceedings before this Court can be conducted in an orderly fashion.

## ORDER

For the reasons stated in the above Memorandum Opinion, it is hereby ORDERED that defendant's motion to dismiss be and the same is hereby DENIED.